UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MCGRAW,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CISNEROS,<br><br>　　　　Respondent. | Case No.  2:23-cv-01264-JDP (HC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FIRST AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 8 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  I reviewed his initial petition and found that, because the challenged conviction was handed down in 1992, the petition was time-barred.  ECF No. 7.  I gave petitioner a chance to amend, however, to explain why this action should still proceed.  He has now filed an amended petition, ECF No. 8, and, after review, I find no basis to reconsider my conclusion that the claims are time-barred.  This action should be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The amended petition, like its predecessor, indicates that the challenged conviction occurred in 1992.  ECF No. 8 at 1.  As I explained in my previous order, any habeas petition challenging a conviction finalized before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 must have been filed by April 23, 1997.  *See Calderon v. United States Dist. Court*, 128 F.3d 1283, 1287 (9th Cir. 1997).  This action was not filed until this year.  Petitioner offers no credible argument as to why he is entitled to the extraordinary amount of tolling required to render this action timely.  At best, he argues that "for thirty six years [he] has pursued exhausting attempts [to attack his conviction."  ECF No. 8 at 7.  That does not justify tolling of the statute of limitations, however.  Accordingly, I now recommend that this action be dismissed.

It is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 8, be DISMISSED as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE